UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>GLEN D. SIDES,<br><br>DEFENDANT | CIVIL ACTION NO.:<br>1:25-cv-00222-LEW<br><br>Motion to Default Judgment<br>(Title Real Estate Involved) |

**Mortgage Recorded in Aroostook County (South) Registry of Deeds at Book 4098, Page 131**

**Street Address: 12 Norman Street, Oakfield, ME  04763**

NOW COMES the Plaintiff, United States Department of Agriculature (the "Plaintiff" or "Note Holder") and, pursuant to Fed. R. Civ. P. 55(b)(2), moves for the entry of judgment by default against the Defendant, Glen D. Sides (the "Defendant" or "Borrower") as follows:

**I.    INTRODUCTION**

This Court has entered a default against the Defendant in this case. *See* Docket No. 8 in this case. Upon the entry of a default for failure to timely appear in, or respond to, an action, the facts alleged in the Complaint are deemed to have been proved and become findings of fact, and affirmative defenses are deemed to have been waived. *See Haskell v. Bragg*, 2017is ME 154, ¶ 4, 167 A.3d 1246.  Based upon these principles of law, the following facts set forth in the Complaint (the "Complaint") support entry of judgment by default as against the Defendant:

1. This is an action for foreclosure and sale respecting the real property located at or about 12 Norman Street, Town of Oakfield, County of Aroostook, State of Maine. (the "Property");

2. Defendant is an individual residing at 11 Homestead Court, Apt. 8, Town of Houlton, County of Aroostook, and State of Maine;

3. On or about March 22, 2005, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $60,725.00;

4. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, Defendant, on or about March 22, 2005, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property");

5. The Mortgage secures the obligations of Defendant under the terms of the Note;

6. The Property is more particularly described in the Mortgage;

7. Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

8. Defaults now exist under the terms of the Note in that, among other things, Defendant failed to make the monthly payment that came due under the Note on January 22, 2012, and all other payments that have come due thereunder;

9. As a result of the defaults under the terms of the Note, Defendant has breached the condition of the Mortgage;

10. As of January 15, 2025, the total debt evidenced by the Note and secured by the Mortgage amounted to $158,761.94, consisting of $54,505.95 in principal, $52,422.72 in overdue accrued interest, and $51,833.27 in protective advances and other fees. Interest continues to accrue on the outstanding principal balance at the default interest rate of 6% per annum, which equates to approximately $8.9599 per day, from and after January 15, 2025;

11. Under the terms of the Mortgage, repayment of all costs, including reasonable attorney fees, incurred by Plaintiff in enforcing its rights under the Mortgage, including its right to payment of all amounts required to be paid under the Note, are secured by the Mortgage;

12. Defendant has been defaulted under Fed. R. Civ. P. 55;

13. By virtue of the breach of condition of the Mortgage, Plaintiff demanded a foreclosure on the Property and sale of the Property;

14. As stated in the Mortgage, the Property is bounded and described as follows:

> A certain piece or parcel of real estate, together with the buildings thereon, situated in the Town of Oakfield, County of Aroostook and State of Maine, bounded and described as follows, to wit:
>
> Lot numbered Two (2) according to plan and survey of the Norman Clark Lots, Smyrna Street, so-called, Oakfield, Maine, made by C. E. Cobb, C. E. and recorded September 11, 1938 in the Southern District of the Aroostook Registry of Deeds in Book of Plans Vol. 11, Page 12, to which said plan reference is expressly made for a description of the premises hereby conveyed. Said Lot being five (5) rods in width, and eight (8) rods in depth. Together with and as appurtenant to said lot a right-of-way for all purposes of a way over, and in common with all others who now have or may hereafter have similar rights over the fifteen (15) foot rights-of-way as delineated upon said plan.
>
> Being the same premises conveyed by Warranty Deed from Robert D. Betschner to Glen D. Sides and to be recorded simultaneously herewith.

*See Compl.*, ¶¶ 4-7, Exhibit 1, pg. 2 (Default), Exhibit 2, Schedule A; *Affidavit of Maine* (the "*Yuncer Aff*".), ¶¶ 4 & 6.

This Court has entered a default against Defendant in this case. *See* ECF No. 8. The Plaintiff, for its part, has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same. *Compl.*, ¶ 15; *Yuncer Aff.*, ¶ 7.

**II.     DISCUSSION**

    A.     <u>Jurisdiction and venue</u>

This is a Foreclosure Proceeding by Civil Action brought pursuant to 14 M.R.S.A. §§ 6321-6326. This Court has jurisdiction pursuant to 28 U.S.C. § 1345. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in the State of Maine and the subject property is located in the State of Maine.

    B.     <u>General standards for foreclosure action</u>

In several cases the Maine Law Court has identified eight elements that, to the extent applicable, a mortgagee must prove to obtain a judgment of foreclosure:

3

- The existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

- Properly presented proof of ownership of the mortgage note and evidence of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

- A breach of condition in the mortgage;

- The amount due on the mortgage note, including any reasonable attorney fees and court costs;

- The order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

- Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

- After January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

- If the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the Defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*See, e.g., Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

C.   Existence of mortgage

The Mortgage's existence is beyond doubt. *See HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 20, 28 A.3d 1158 (provision of supporting documentation in the form of the mortgage agreement adequately meets the requirements of this element of proof). As stated in both the heading and in ¶ 6 of the Complaint, the Mortgage is recorded in the Aroostook County (South) Registry of Deeds at Book 4098, Page 121. *See Compl.*, ¶ 6. Where the record in a foreclosure proceeding makes such a showing, this element of a foreclosure action is satisfied. *See Greenleaf*, 2014 ME 89 at ¶ 20. Here, that record is established by Defendant's deemed admission of all

factual allegations in the Complaint and is buttressed by the *Yuncer Affidavit*. *See Yuncer Aff.*, ¶¶ 4-5, Exhibit 2.

      D.      <u>Ownership and evidence of Note and Mortgage</u>

This element includes two items. First, Plaintiff must identify the owner or economic beneficiary of the Note and, if it is not the owner, provide the basis for its authority to enforce the Note. *See Greenleaf*, 2014 ME 89 at ¶ 20; *Bank of Am. v. Cloutier*, 2013 ME 17, ¶ 16, 61 A.3d 1242; 14 M.R.S.A. § 6321. Plaintiff has established that it is the owner and economic beneficiary of the Note. *Compl.*, ¶¶ 5, 15; *Yuncer Aff.*; ¶¶ 3, 7. Indeed, the assertions made in paragraphs 5 and 15 of the Complaint to that effect, including Plaintiff's representations regarding the authenticity of the Note, are deemed admitted for the purposes of this Motion. The Plaintiff, having certified that it is in possession of the Note, has authority to enforce the Note.

Second, Plaintiff must "produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage." 14 M.R.S. § 6321. Here, the record includes copies of the Note and the Mortgage, which instruments, because of the Defendant' defaults, are admitted as being the documents referenced in paragraphs 5 and 6 of the Complaint and attached as Exhibits 1 and 2 to the Complaint. Further, Plaintiff has certified that it is the owner and holder of, and has possession of, the Note, which is payable to it, and that it remains the owner of the Mortgage and has not assigned ownership of that Mortgage to any other party. *Compl.*, ¶ 15; *see Yuncer Aff.*, at ¶ 3-4, 7. Accordingly, the record satisfies this requirement as well. *See Greenleaf*, 2014 ME 89 at ¶ 22.

      E.      <u>Breach of condition of the mortgage</u>

Conditions of the Mortgage have been breached by Defendant. The Mortgage provides, *inter alia*, that "should default occur in the performance or discharge of any obligation in [the Mortgage] or secured by [the Mortgage,]" the Mortgagee, "may foreclose [the Mortgage] as

authorized or permitted by the laws then existing of the jurisdiction where the property is situated…." *Compl.*, ¶ 8, Ex. 2, ¶¶ 22, 25. The Note, in turn, provides, *inter alia*, that Defendant shall pay the United States of America, acting through the Rural Housing Services (and its successor), the sum of Sixty Thousand Seven Hundred Twenty-Five Dollars ($60,725.00), with interest thereon at the rate of 6% per annum, payable in 395 monthly installments of $352.54 each, with payment to commence on April 22, 2005, and to continue on the same day of each month thereafter until the loan evidenced by the had been paid in full. *Compl.*, ¶ 5, Ex. 1, p. 1.

As stated in the Complaint, and, accordingly, as now admitted by Defendant, the Defendant failed to make monthly payments that came due under the Note on January 22, 2012, and all other payments that have come due thereunder. *See Compl.*, ¶¶ 5, 8, 11. Paragraph 10 of the Complaint alleges that Defendant received notice, on or February 10, 2025, that the Note was then in default (the "Notice to Cure") and that payment thereon was then being demanded. *Compl.*, ¶10; Ex. 3. Paragraph 10 of the Complaint alleges further that a true and correct copy of the Default Notice was attached to the Complaint as Exhibit 3. *See also Yuncer Aff.*, ¶ 10, Exhibit C. The Defendant, despite receipt of the Notice to Cure, failed to cure the defaults cited therein and, as a result thereof, all sums then due and owing under the Note, and secured by Mortgage, became due and payable to the holder of the Note. *Yuncer Aff.*, ¶¶ 11-12.

By virtue of his defaults, Defendant has admitted that (i) Exhibit 3 to the Complaint is a true copy of the Notice to Cure referenced in ¶ 10 of the Complaint, (ii) the Note was in default not later than March 18, 2025, for the reasons stated in the Notice to Cure, (iii) Defendant failed to cure the default detailed in the Notice to Cure despite receipt thereof, and (iv) as a result of the failure to cure, all sums due and owing under the Note, and secured by the Mortgage, are presently due and payable in full to Plaintiff. Accordingly, the record establishes a breach of the condition

of the Mortgage, namely, default in the payment on the Note secured by the mortgage, according to the exact terms thereof. *Compl.*, ¶ 6, Ex. 2, ¶¶ 22, 25; *see also Compl.*, ¶ 5, Ex. 1, p. 1.

    E.    <u>Amount due on the mortgage note, including any reasonable attorney fees and court costs</u>

As set forth in the Complaint, and, through his default, admitted by Defendant, as of January 15, 2025, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $54,505.95 in principal, $52,422.72 in accrued interest, and $51,833.27 in other fees, for a total of $158,761.94. *Compl.*, ¶ 11; *see Yuncer Aff.*, ¶ 11. Moreover, additional interest was and is accruing on the principal balance at the Note rate, which is fixed at 6 percentage points. *Id.* As shown in the *Yuncer Aff.*, as of September 5, 2025, the debt, exclusive of attorney fees, evidenced by the Note and secured by the Mortgage totaled $159,641.66, of which $54,505.95 was principal, $54,510.40 was overdue accrued interest $50,625.31 in other fees. *Yuncer Aff.*, ¶ 12.

Furthermore, pursuant to the FNMA Fee Schedule, Plaintiff has incurred reasonable attorney's fees in the flat amount of $5,100.00. To date, the Plaintiff has also incurred additional expenses in the amount of $1,006.14. *See Crosman Fee Affidavit,* ¶¶ 5-8, Ex. A. When these costs and fees are added to the total amount otherwise due on the Note as of September 17, 2025, the amount owing on that Note is $165,747.80 plus interest on the principal portion of that balance at the current rate of 6% per year. Furthermore, reasonably anticipated additional costs total $1,750.00. *Id.*, ¶ X

    F.    <u>The order of priority and any amounts that may be due to other parties in interest</u>

The Plaintiff and the Defendant, as the only parties with an interest in the Property, are the only parties to this action. Accordingly, this element is inapplicable here, except to the extent that any surplus from any foreclosure proceeds over and above what is owing to Plaintiff shall, pursuant to 14 M.R.S.A § 6324, are payable to the Clerk of this Court for the benefit of the Defendant.

G. <u>Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements</u>

The only statutory requirement for provision of a notice of default under the Mortgage, and of the mortgagor's right to cure the same, relevant here is 14 M.R.S.A. § 6111. Section 6111 applies only when each of the following conditions are true: (a) the mortgage is on residential property in Maine; (b) the mortgagor occupies the property as his primary residence; and (c) the mortgage secures a loan for personal, family, or household use. *Bordetsky v. JAK Realty Trust*, 2017 ME 42, ¶ 7, 157 A.3d 233, 237. By virtue of his default, Defendant has admitted that the Property was not his primary residence as of the commencement of the Complaint. Section 6111 is therefore inapplicable. Section 6111, moreover, is an affirmative defense that is waived if not asserted by way of responsive pleading, such that Section 6111 would not be an impediment to the entry of judgement in the Association's favor even if it were applicable. *See ABN Amro Mortg. Group v. Willis*, 2003 ME 98, ¶ 4, 2003 A.2d 527. Here, the Defendant has defaulted, the upshot of which is that he is deemed to waive all affirmative defenses, including those premised on Plaintiff's alleged non-compliance with Section 6111. *Id; see Bragg*, 2017 ME 154, ¶ 4, 167 A.3d 1246.

To the extent that Section 6111 applies and Defendant's defenses thereunder are not waived, the record demonstrates Plaintiff's compliance therewith. By virtue of his default, Defendant is deemed to have admitted that (i) Exhibit 3 to the Complaint is a true copy of the Notice to Cure referenced in paragraph 10 of the Complaint, (ii) the Note was in default not later than January 22, 2012, for the reasons stated in the Notice to Cure, (iii) the Defendant failed to cure the default detailed in the Notice to Cure despite receipt thereof, and (iv) as a result of the failure to cure, all sums due and owing under the Note, and secured by the Mortgage, are presently due and payable in full to Plaintiff. Accordingly, Plaintiff has satisfied its obligations under 14 M.R.S.A. § 6111.

      H.      <u>Proof of completed mediation (or waiver or default of mediation), when required</u>

Mediation is required in a foreclosure action only where "a Defendant who is an owner-occupant and who appears, answers, or otherwise requests mediation in the action within 20 days after service of the summons and complaint and attends an informational session." *See* Me. R. Civ. P. 93(c)(3); *see also* 14 M.R.S.A. §§ 6321-A(2), 6321-A(6). Here, the Defendant has failed to answer or otherwise appear in this action. Accordingly, mediation is not required. *See Fed. Home Loan Mortg. Corp. v. Hitchcock*, 2016 Me. Super. LEXIS 107, *7 (Me. Super. Ct. July 13, 2016). Furthermore, the Property, at all times relevant hereto, was not occupied by Defendant as primary residence, such that this case would not have been eligible for the Foreclosure Diversion Program had Defendant answered or otherwise appeared in this action.

      I.      <u>Where Defendant has not appeared in proceeding, a statement, with a supporting affidavit, of whether or not the Defendant are in military service in accordance with the Servicemembers Civil Relief Act is unnecessary</u>

Plaintiff has previously filed an Affidavit and Request for Entry of Default in this case, in which its counsel has made such a statement, in affidavit form, that Defendant is not in military service.

WHEREFORE, Plaintiff prays that this Court:

      A.      Enter a default judgment against the Defendant in this case; and

      B.      Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated at Portland, Maine this February 24, 2026

                                             /s/ Kevin J. Crosman
                                             Kevin J. Crosman, Bar No. 4279
                                             Attorney for Plaintiff

Jensen Baird Gardner & Henry
Ten Free Street
PO Box 4510
Portland, Maine 04112

(207) 775-7271
kcrosman@jensenbaird.com