UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 1:25-cv-00222-LEW |
| GLEN D. SIDES, | ) ) | |
| Defendant | ) | |

### JUDGMENT OF FORECLOSURE AND ORDER OF SALE
**(Title to Real Estate Involved)**
**Mortgage Recorded in Aroostook County (South) Registry of Deeds**
**in Book 4098, Page 121**
**Street Address: 12 Norman Street, Oakfield, Maine 04763**

This matter came before the Court upon the Motion for Default Judgment (the "Motion") filed by the United States Department of Agriculture (the "Plaintiff") seeking judgment by default against Glen D. Sides (the "Defendant"). Upon consideration of the Motion and other filings in this case, this Court finds as follows:

1. Pursuant to 14 M.R.S.A § 2401, this Court finds that:

   a. The names and addresses of the parties and counsel of record are as follows:

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Kevin J. Crosman, Bar No. 4279<br>Jensen Baird Gardner & Henry<br>Ten Free Street<br>P.O. Box 4510<br>Portland, ME  04112 |

| Glen D. Sides<br>11 Homestead Court, Apt 8<br>Houlton, ME 04730 | None of record |
| --- | --- |

b.    The docket number of this case is **1:25-cv-00222-LEW**

c.    Service of the documents required by Me. R. Civ. P. 4(b) was made in hand upon the Defendant and the Defendant has received notice of this action in accordance with the Maine Rules of Civil Procedure.

d.    The property upon which Plaintiff seeks to foreclose in this case (the "Property") is adequately described in ¶ 3(p) below.

2.    On July 7, 2025, the Clerk made an Entry of Default against the Defendant because of his failure to appear, plead or otherwise defend this action.

3.    By virtue of the default, the following allegations of the Complaint are established as facts:

a.    The Defendant is an individual with a last-known address of 11 Homestead Court, Apt 8, Town of Houlton, County of Aroostook, and State of Maine;

b.    This is an action for foreclosure and sale regarding 12 Norman Street, Town of Oakfield, County of Aroostook, State of Maine (the "Property");

c.    On or about March 22, 2005, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $60,725.00. A true copy of the Note is attached as **Exhibit 1** to the Complaint;

d.    To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about March 22, 2005, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property"). A true copy of the Mortgage is attached as **Exhibit 2** to the Complaint;

e.    The Mortgage secures the obligations of the Defendant under the terms of the Note;

f.    The Property is more particularly described in the Mortgage;

g.    Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by the Note and secured by the Mortgage,

Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under the Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

h.      Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on January 22, 2012, and all other payments that have come due thereunder;

i.      Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same;

j.      As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage;

k.      As of January 15, 2025, the total debt evidenced by the Note and secured by the Mortgage amounted to $158,761.94, consisting of $54,505.95 in principal, $52,422.72 in overdue accrued interest, and $51,833.27 in protective advances and other fees. Interest continues to accrue on the outstanding principal balance at the default interest rate of 6% per annum, which equates to approximately $8.9599 per day, beginning on and after January 15, 2025;

l.      The Defendant has been defaulted under Me. R. Civ. P. 55;

m.      By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property;

n.      As set forth in the Mortgage attached as Exhibit 2 to the Complaint, the Property is bounded and described as follows:

A certain piece or parcel of real estate, together with the buildings thereon, situated in the Town of Oakfield, County of Aroostook and State of Maine, bounded and described as follows, to wit:

Lot numbered Two (2) according to plan and survey of the Norman Clark Lots, Smyrna Street, so-called, Oakfield, Maine, made by C. E. Cobb, C.E. and recorded September 11, 1938 in the Southern District of the Aroostook Registry of Deeds in Book of Plans Vol. 11, Page 12, to which said plan reference is expressly made for a description of the premises hereby conveyed.  Said Lot being five (5) rods in width, and eight (8) rods in depth.  Together with and as appurtenant to said lot a right-of-way for all purposes of a way over, and in common with all others who now have or may hereafter have similar rights over the fifteen (15) foot rights-of-way as delineated upon said plan.

Being the same premises conveyed by Warranty Deed from Robert D. Betschner to Glen D. Sides and to be recorded simultaneously herewith.

4.    As of May 8, 2026, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled $171,370.69, and consisted of the following:

| | |
|---|---|
| Principal: | $    54,505.95 |
| Interest to May 8, 2026: | $    47,048.96 |
| Negative Escrow (current): | $     7,712.35 |
| Subsidy Recapture: | $     9,656.64 |
| Interest on Protective Advances: | $    13,348.64 |
| Other Fees (Escrow Advances & Preservation Costs): | $    39,098.15 |
| **TOTAL** | **$  171,370.69** |

These amounts do not include attorneys' fees and costs thus far billed in connection with this current foreclosure action.

5.    In addition, attorney's fees in the amount of $5,100.00 have been incurred by the Plaintiff for services provided by its counsel in connection with this action, all of which are reasonable, due and owed under the Note, and secured by the Mortgage.  The Plaintiff's counsel has provided an affidavit in support of the attorney's fees demonstrating the reasonableness of the fees and costs sought to be awarded.  Plaintiff is awarded its attorney's fees and costs as due and owing on the Note and Mortgage. Furthermore, pursuant to 14 M.R.S.A § 1602-B(2), pre-judgment interest is accruing on the principal portion of this balance at the Note rate of 6% per year, or $8.9599 per day, from and after January 15, 2025, through and including the date of this Judgment.  Accordingly, as of May 8, 2026, a total of **$176,470.69**, was due and owing under the terms of the Note and the Mortgage.

6.    Pursuant to 28 U.S.C. § 1961, the post-judgment interest rate is 6% per year.

7.      The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

8.      The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST:      Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND:      The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

9.      Plaintiff's claim for attorney's fees is not integral to the relief sought and there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims.

ACCORDINGLY, it is hereby **ORDERED** that:

A.      Unless within ninety (90) days from the date hereof, the Defendant pays Plaintiff the amount owing on the Note and the Mortgage, together with accrued interest and attorney's fees and costs, all as set forth above, the Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321 *et seq*. and disburse the proceeds of said sale, after deducting the expenses thereof, in the amounts and priorities as determined above.

B.      The Plaintiff is granted exclusive possession of the Property upon expiration of the statutory ninety (90) day redemption period, if it is not redeemed within the time set forth above, as aforesaid.

C.      A Writ of Possession shall be issued to the Plaintiff for possession of the Property if it is not redeemed within the time set forth above, as aforesaid.

D.      The Clerk is hereby directed to enter this Judgment as a final judgment.

E. Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk is further directed to sign the certification that follows, after the appeal period has expired, certifying that the applicable period has expired without action or the final judgment has been entered after remand following appeal.

SO ORDERED.

Dated this 28th day of May, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

### CERTIFICATE OF CLERK

The final judgment in Docket No. **1:25-cv-00222-LEW** was entered on the docket on _____, 2026.

I hereby certify that

_____ The applicable appeal period has expired without action, or

_____ The final judgment has been entered after remand following appeal.

Dated: _____    _____

Clerk, United States District Court
District of Maine